IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUTE1 INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRWATCH LLC, <br><br> Defendant. | Civil Action No. 1:17-cv-00331-RGA |

**MEMORANDUM ORDER**

Presently before me is Defendant's Motion for Application and Notice for Issuance of Letters Rogatory Concerning Certain Canadian Third-Parties. (D.I. 78). The Parties have fully briefed the issues. (D.I. 78, 86, 89). For the reasons set out below, I will **DENY** Defendant's motion.

"[Letters rogatory] are [a] means by which a court in one country requests the court of another country to assist in the administration of justice by" assisting with fact discovery. *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007). Letters rogatory are a "complicated, dilatory and expensive system." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court*, 482 U.S. 522, 531 (1987). Nevertheless, federal district courts have inherent and statutory power to issue them in appropriate circumstances. *Rosen*, 240 F.R.D. at 215; *see also* 28 U.S.C. § 1781. That power is discretionary. *United States v. Mason*, 919 F.2d 139 (4th Cir. 1990). Because of the system's cumbersome nature, "where the relevancy or materiality of the testimony sought is doubtful, the court should not grant the application." 26B C.J.S. Depositions § 34. However, when a district judge chooses to deny a request for letters rogatory he should

provide reasons for the denial to ensure deference on appeal. *See Complaint of Bankers Tr. Co.*, 752 F.2d 874, 890 (3d Cir. 1984) (declining to adopt "good cause" standard).

Defendant seeks to depose and compel document production from two Canadian companies: Fiera Capital Corp. ("Fiera") and De Jong & Co. ("De Jong"). (D.I. 78 at 1). Fiera owned more than 45 million shares of Plaintiff when Plaintiff filed this lawsuit in March 2017. (*Id.* at 3). Fiera sold those shares in April 2017. (*Id.*). De Jong currently owns over 21 million shares. (*Id.*). Due to their significant investment in Plaintiff, Defendant believes that Fiera and De Jong may have knowledge and documents relevant to the damages calculation. (*Id.* at 5-6). Defendant is also hopeful that the companies developed opinions on the valuation or validity of U.S. Patent No. 7,814,216 ('216 Patent). (D.I. 89 at 3). Defendant notes, however, that it has received no direct evidence from Plaintiff that indicates the existence of relevant documents or knowledge at the third-party companies. (D.I. 78 at 7). Rather, it cites evidence that Plaintiff included this lawsuit in a corporate update. (D.I. 89 at 3). It correlates the timing of that update with Fiera's withdrawal and concludes that Fiera must have done an independent assessment of the value of the lawsuit based on information provided by Plaintiff. (*Id.* at 3-4). It reasons that De Jong would have done the same. (*Id.*). Defendant does little to address why Plaintiff is not a sufficient source of the documents Plaintiff allegedly provided to Fiera and De Jong. (*See* D.I. 78 at 7).

Plaintiff opposes Defendant's request. (D.I. 86). It argues the material sought by Defendant's motion is speculative, unnecessary, and a fishing expedition. (*Id.* at 10-15). I agree. "There is no reason to believe Fiera and De Jong actually possess [responsive information]." (*Id.* at 10). Moreover, there is no reason to believe that, assuming Fiera and De Jong do possess such information, the information is different than what Plaintiff can produce. (*See id.*). And the

2

existence of the companies' independent evaluations of the '216 Patent is so speculative that the entire endeavor to retrieve them amounts to an international fishing expedition. There is insufficient reason to engage in the complication, delay, and expense inherent to letters rogatory where Plaintiff can provide the same facts and it is complete speculation that the opinions sought exist.[1]

To the extent that Defendant is dissatisfied with what Plaintiff has produced, the Parties can litigate that issue here. If Plaintiff is, in fact, in possession of responsive, unprivileged material, then this Court can compel production.

Defendant's Motion for Application and Notice for Issuance of Letters Rogatory Concerning Certain Canadian Third-Parties (D.I. 78) is **DENIED**.

Entered this 7 day of December 2018.

United States District Judge

---

[1] On these facts, I would deny Defendant's request for third-party discovery from an American corporation. I do not see why the fact that Defendant seeks information from foreign corporations should make denying the request more difficult. *But see In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 365 (D. Kan. 2010) (collecting cases and concluding, "Most courts have placed the burden on a party opposing an application for the issuance of letters of request to show 'good reason' why the letters should not be issued.").

3