IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUTE1 INC., <br><br> *Plaintiff/Counterclaim Defendant,* <br><br> v. <br><br> AIRWATCH LLC and VMWARE, INC., <br><br> *Defendants/Counterclaim Plaintiffs.* | C.A. No. 17-331-KAJ <br><br> REDACTED - PUBLIC VERSION |

**AIRWATCH'S AND VMWARE'S SUPPLEMENTAL SUBMISSION TO THEIR MOTION FOR ATTORNEY FEES UNDER 35 U.S.C. § 285 AND IN SUPPORT OF CONTINUED SEALING AND REDACTION**

Dated: April 14, 2020
Redacted Version: April 21, 2020
OF COUNSEL:

Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for AirWatch LLC and VMware, Inc.*

Pursuant to the Court's March 31, 2020 Memorandum Opinion (D.I. 312) ("the Opinion"), Defendants AirWatch LLC and VMware, Inc. (collectively, "AirWatch") hereby supplement their motion for attorney fees under 35 U.S.C. § 285 (the "Motion") and request the Court award them ▇▇▇▇, including ▇▇▇▇ from Morrison & Foerster LLP,[1] ▇▇▇▇ from Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"),[2] and ▇▇▇▇ from Young Conaway Stargatt & Taylor, LLP.[3]  In support of its request, AirWatch has contemporaneously herewith submitted amended and supplemental billing statements for the Court's and Route1's review and evaluation.  The redactions reflected in the amended and supplemental billing statements relate to: (1) information protected by the attorney-client privilege and/or work-product doctrine; or (2) the ongoing Canadian action involving AirWatch and Route1, the Federal Circuit appeal of this action, or other confidential information.  AirWatch is deducting from its fee request time entries falling into category (2), and has marked those entries on the billing statements accordingly.  It will seek fees on the appeal after the conclusion of the proceedings at the Federal Circuit.

AirWatch's redactions are warranted given the pending appeal of this case,[4] pending

---

[1] *See* Supplemental Declaration of Richard S.J. Hung, filed contemporaneously herewith.

[2] *See* Supplemental Declaration of Cynthia D. Vreeland, filed contemporaneously herewith.

[3] *See* Supplemental Declaration of Anne Shea Gaza, filed contemporaneously herewith.

[4] The appeal is fully briefed; oral argument has not yet been scheduled.

1

proceedings before the U.S. Patent & Trademark Office,[5] and the Canadian action.[6]  Moreover, to the extent possible, AirWatch has only redacted portions of entries.  The unredacted information in the amended and supplemental billing statements thus provides Route1 with information sufficient for it to assess what, if any, objections it may assert to AirWatch's fees request.  The submission of AirWatch's amended and supplemental billing statements should not in any way constitute a waiver of attorney-client privilege or work product protection.  *See Princeton Digital Image Corp. v. Office Depot Inc.*, No. 13-239, 2017 U.S. Dist. LEXIS 18161, at *10, *12 (D. Del. Jan. 27, 2017) (fees movant did not waive privilege by submitting billing summary with redacted narratives).  To the extent the Court would deem the submission of redacted entries as a waiver of the privilege as to those entries, AirWatch can unredact the entries for the Court such that the Court can instead conduct an *in camera* review.  If that is not available, AirWatch would withdraw its request as to those entries.

I.  **AIRWATCH'S AMENDED BILLING STATEMENTS SUPPORT ITS FEES REQUEST.**

"[T]here is general agreement that attorney billing statements and time records are protected by the attorney-client privilege *only to* the extent that they reveal litigation strategy and/or the nature of services performed." *United States v. Keystone Sanitation Co., Inc.*, 885 F. Supp. 672, 675 (M.D. Pa. 1994) (emphasis in original).  As noted above, to the extent AirWatch has maintained redactions in the amended billing statements, the redactions are limited to: (1)

---

[5] Reexamination Proceeding of U.S. Patent No. 7,814,216.

[6] Discovery is ongoing in the Canadian action, and the parties are set to exchange written answers from examinations completed in March. The Court is expected to convene a case management teleconference in late April 2020.  (*See* Ex. 1, Letter to Canadian Court re Status.)

litigation strategy, which is protected by the attorney-client privilege and/or the work-product doctrine; or (2) activity for which AirWatch is not currently seeking fees, including the Canadian action, the appeal, and other confidential information.[7] AirWatch's redactions of such information are proper. *See Univ. of Pittsburgh of the Commonwealth Sys. of Higher Educ. v. Varian Med. Sys. Inc.*, No. 08-cv-1307, D.I. 879, at 1 (W.D. Pa May 7, 2012) (regarding procedure for attorney fee and expenses determination, ordering parties to exchange detailed billing records "with information that is privileged or protected by work product doctrine redacted") (Ex. 2); *Medtrica Sols., Ltd. v. Cygnus Med. LLC*, No. C12-538RSL, 2014 U.S. Dist. LEXIS 184960, at *8 n.1 (W.D. Wa. July 10, 2014) (allowing non-movant of attorney fee motion to access movant's billing statements redacted to the extent necessary to protect information covered by attorney-client privilege or work-product doctrine).

Moreover, AirWatch's amended billing statements "contain sufficient information for Route1 to determine if it has any objections to AirWatch's fee request." (D.I. 312 at 9.) Regardless, AirWatch has been conservative in its use of redactions. Such redactions are reasonable because as noted above, a parallel Canadian action involving the same parties, the same technology, and a related patent, is ongoing, as are reexamination proceedings and an appeal by Route1 of the present action. (Beard Decl. ¶ 2.) Courts have found limited redactions of privileged information do not interfere with the assessment of the reasonableness of attorney fees. *See, e.g.*, *Apotex, Inc. v. UCB, Inc.*, No. 12-cv-60706, 2015 U.S. Dist. LEXIS 176573, at *6 (S.D. Fla. Dec. 4, 2012) (finding nature of attorney services can be determined despite the redactions necessary to preserve attorney-client privilege); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, No. 1:09-md-2050, 2012 U.S. Dist. LEXIS 204232, at *15–16

---

[7] *See* Declaration of Brooks Beard, filed contemporaneously herewith.

3

(S.D. Ohio, June 6, 2012) (declining to deduct any hours claimed for excessive redactions of time sheet entries that generally contain sufficient information to show reasonableness of attorney fees). In sum, AirWatch's amended billing statements enable Route1 to assess its objections, if any, to AirWatch's fee request, while preserving attorney-client privilege and work-product relating to AirWatch's litigation strategy.

II.  **AIRWATCH'S SUPPLEMENTAL BILLING STATEMENTS SUPPORT ITS FEES REQUEST ITS CLAIMED FEES FOR THE INTERVENING TIME PERIOD SINCE AUGUST 2019.**

In addition to amending the amount of fees sought in light of the rates approved by the Court (Opinion at 8), the total amount sought (███████) includes recovery of an additional ███████ which accounts for fees incurred by AirWatch in connection with this action since the Motion was filed (*i.e.*, September 2019 to February 2020). (*See* Hung Supp. Decl.; Gaza Supp. Decl.) More specifically, the time period covered by the billing statements submitted with the Motion ended in August 2019, and did not include the subsequent activity in this Court. (*See* Hung Supp. Decl. ¶¶ 5-7; Gaza Supp. Decl. ¶¶ 4-7.) *See In re Rembrandt Technologies, LP Patent Litigation*, C.A. No. 07-MD-1848-GMS, D.I. 1013, at 3 (D. Del. Aug. 25, 2016) (granting in part defendants' motion for attorney's fees and ordering that defendants' should "submit an updated total of expenses incurred for approval") (Ex. 3).

The supplemental billing statements showing the fees incurred and paid by AirWatch for this intervening time period are included in the Exhibits to the Supplemental Hung and Gaza Declarations. The billing statements are being provided with redactions for review by the Court and Route1, but are being filed under seal given the confidential nature of the billing statements.[8]

---

[8] AirWatch's amended and supplemental billing statements have been filed under seal in their entirety. For the same reasons set forth in AirWatch's unopposed motion to seal and redact

4

The fees incurred by AirWatch during the intervening time period included opposing Route1's motion to dismiss AirWatch's invalidity counterclaims, performing trial preparations, coordinating with Route1 for a dismissal stipulation and settlement, and filing briefing and supporting materials for AirWatch's attorney fee motion. (Hung Supp. Decl. ¶ 10; Gaza Supp. Decl. ¶ 8) For the same reasons set forth in AirWatch's briefing and declarations in support of its Motion (*see* D.I. 290-94, 309), these additional fees were reasonable, necessary, and are properly recoverable. Accordingly, AirWatch requests the Court include the additional amount of ▮ in its award of fees.

### III. CONCLUSION

For the reasons set forth above and in its prior submissions in support of its Motion, AirWatch requests attorney fees in the amount of ▮. AirWatch additionally reserves the right to seek any fees incurred in connection with the Federal Circuit appeal.

---

its fee arrangements from the Opinion and supporting declarations (*see* D.I. 315-19), AirWatch seeks to keep sealed the fee arrangements included in its billing statements as confidential business information. (*See* Beard Decl. ¶ 3; Hung Supp. Decl. ¶¶ 15-18; Gaza Supp. Decl. ¶¶ 16-18.) Disclosure of such information would cause significant, specific, and clearly defined harm to AirWatch and its counsel. (*Id.*) This reasoning applies with equal force to the narratives and time entries included in the billing statements, as they contain confidential and privileged communications and attorney work product, the disclosure of which would also cause significant, specific, and clearly defined harm. (*Id.* ¶ 2) *See, e.g., Source Search Techs., LLC v. Kayak Software Corp.*, No. 11-3388(NLH/KMW), 2016 U.S. Dist. LEXIS 176665, at *4 (D.N.J. Dec. 19, 2016) (granting motion to seal attorney billing records, "as revealing the nature of services provided by an attorney to her client can reveal litigation strategy"); *see also Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638, 2013 U.S. Dist. LEXIS 26241, at *4–5 (N.D. Cal. Feb. 26, 2013). While the Protective Order in this action and the Court's Local Rules to not require a motion to keep sealed and redact a party's filings, AirWatch will submit a formal motion if directed to do so by the Court.

Dated: April 14, 2020

OF COUNSEL:
Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for AirWatch LLC and VMware, Inc.*

## CERTIFICATE OF SERVICE

I, Anne Shea Gaza, Esquire, hereby certify that on April 21, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Dominick T. Gattuso
>HEYMAN ENERIO GATTUSO
> & HIRZEL LLP
>300 Delaware Ave., Suite 200
>Wilmington, DE 19801
>*dgattuso@hegh.law*
>
>*Attorneys for Plaintiff Route1 Inc.*
>
>Michael J. Garvin
>Marcel C. Duhamel
>Aaron M. Williams
>VORYS, SATER, SEYMOUR
>AND PEASE LLP
>200 Public Square, Suite 1400
>Cleveland, OH 44114-2327
>*mjgarvin@vorys.com*
>*mcduhamel@vorys.com*
>*amwilliams@vorys.com*
>
>William H. Oldach III
>VORYS, SATER, SEYMOUR
>AND PEASE LLP
>1909 K Street NW
>Washington, D.C. 20006-1152
>*wholdach@vorys.com*
>
>Rex W. Miller, II
>VORYS, SATER, SEYMOUR
>AND PEASE LLP
>52 E. Gay Street
>Columbus, OH 43215
>*rwmiller@vorys.com*
>
>*Attorneys for Plaintiff Route1 Inc.*

22018055.1

I further certify that on April 21, 2020, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel.

Dated: April 21, 2020

                                              YOUNG CONAWAY STARGATT
                                                & TAYLOR, LLP

                                              /s/ *Anne Shea Gaza*
                                              Elena C. Norman (No. 4780)
                                              Anne Shea Gaza (No. 4093)
                                              Samantha G. Wilson (No. 5816)
                                              Rodney Square
                                              1000 North King Street
                                              Wilmington, DE 19801
                                              (302) 571-6600
                                              enorman@ycst.com
                                              agaza@ycst.com
                                              swilson@ycst.com

                                              *Attorneys for AirWatch LLC and VMware, Inc.*