# EXHIBIT 1

**Osler, Hoskin & Harcourt LLP**
Box 50, 1 First Canadian Place
Toronto, Ontario, Canada  M5X 1B8
416.362.2111  MAIN
416.862.6666  FACSIMILE



Toronto

Montréal

Calgary

Ottawa

Vancouver

New York

March 20, 2020

Nathaniel Lipkus
Direct Dial: 416..862.6787
nlipkus@osler.com
Our Matter Number: 1198811

**SENT BY EMAIL (CMT_Toronto@cas-satj.gc.ca)**

The Courts Administrative Service
The Federal Court of Canada
200 - 180 Queen Street West
Toronto, Ontario
M5V 3L6

Dear Case Management Team:

Re:     *Route1 Inc. v. VMware, Inc., AirWatch LLC, and VMware Canada Inc.*
        **Court File No. T-2149-18**

We are counsel for the Defendants/Plaintiffs by Counterclaim in the above-referenced proceeding. Kindly bring this letter to the attention of Madam Prothonotary Furlanetto, the case management judge.

We write jointly on behalf of all parties in response to the Court's Directions of December 10, 2019 and March 18, 2020 to provide a status update relating to the discoveries in the above-noted matter and to provide mutual dates of availability during the last two weeks of April for a case management teleconference.

Under the December 10, 2019 Direction, discovery of the parties' representatives (subject to any permitted follow-up) was scheduled to be completed by January 31, 2020, with inventor discovery to be completed by February 28, 2020. For scheduling reasons and to permit discovery on new issues anticipated to arise from the defendant's amended statement of claim (served and filed on consent on March 11, 2020), completion of discovery was delayed until March 6, 2020.

At this time, we are awaiting receipt of transcripts from discovery that took place between March 4-6, 2020. The parties will then determine, in light of current COVID-19 measures, when answers to undertaking can reasonably be provided. As discovery of the defendant was completed earlier than discovery of the plaintiff, the defendants plan to deliver their answers to undertaking before delivery of the plaintiffs' answers.

The above delays, coupled with COVID-19, will necessitate changes to the timetable in the December 10, 2019 Direction. The parties look forward to discussing a revised timetable for this proceeding during our next case management teleconference. As requested, the parties' mutual availability for such a teleconference is as follows: April 20-22, 23 (AM only), 24 (AM only), 27-28 (AM only), and 29-30.



Page 2

Please do not hesitate to contact us if you require further information ahead of the case management teleconference.

Yours very truly,

Nathaniel Lipkus
NL:sd

cc:     Kevin Sartorio, Gowling WLG (Canada) LLP, Counsel for the Plaintiff

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH OF THE
COMMONWEALTH SYSTEM OF HIGHER
EDUCATION,                                          08cv1307

                    **ELECTRONICALLY FILED**

        Plaintiff,

   v.

VARIAN MEDICAL SYSTEMS, INC.,

        Defendant.

## ORDER OF COURT RE: PROCEDURE FOR
## ATTORNEY FEE/EXPENSES DETERMINATION

AND NOW, this 7th day of May, 2012, upon consideration of the Joint Status Report on

Award of Attorney Fees (doc. no. 877), IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that:

1.      The Court finds that the process proposed by the parties in doc. no. 877 (which

includes extensive discovery related to the "reasonableness" of the future fee petition of plaintiff)

is too time consuming, expensive, and, in the experience of this Court, only likely to lead to

further delay and encourage additional motion practice on a case that is almost four years old and

has generated voluminous docket activity (currently 878 docket entries).

2.      By May 18, 2012, the parties shall exchange their respective detailed billing

records (including attorneys' hours and hourly rates, expert fees and costs, and any other

expenses/costs), with information that is privileged or protected by work product doctrine

redacted.  Defendant's information is relevant to determine the reasonableness of plaintiff's

hourly rates, number of hours, and expenses/costs.  Any discovery disputes will be handled by

the Court.

        3.      On or before May 18, 2012 (or as soon as practicable given Special Master

Sandman's schedule), the parties will discuss with Special Master Sandman a schedule for the

filing of, and briefing relating to, plaintiff's fee petition, with a target date of June 30, 2012, for

the filing of the Report and Recommendation of the Special Master (unless the Special Master

requests a later date).


                                       \s Arthur J. Schwab_____
                                       Arthur J. Schwab
                                       United States District Court Judge


cc:     All Registered ECF Counsel and Parties

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP ) <br> PATENT LITIGATION ) <br> ) <br> ) <br> ) | MDL Docket No. 07-md-1848 (GMS) |

## ORDER

WHEREAS, on August 20, 2015, the court issued an order ("the Order") granting All

Other Parties ("AOPs") Motion for a Determination That This Is an Exceptional Case[1] and an

Award of Attorneys' and Experts' Fees and Costs and ordered AOPs to submit documentation

detailing their requests. (D.I. 951);

WHEREAS, on September 30, 2015, AOPs filed an Opening Brief in Support of Their

Reasonable Fees Request (D.I. 962) and accompanying declarations and documentation;

WHEREAS, the court having considered the parties' briefing, supporting documents, and

letters;

IT IS HEREBY ORDEED THAT:

1. AOPs' Motion for Attorneys' Fees and Costs (D.I. 84) is GRANTED in part.[2]

---

[1] The court held that the case was exceptional for the purpose of awarding attorneys' fees because of (1) inequitable conduct on the part of the prior patent owner; (2) spoliation based on general disposal of documents by another prior patent owner; and (3) wrongful inducement by Rembrandt Technologies LP ("Rembrandt") for witness compensation. (D.I. 951 at 2–3 n.4.)

[2] In *Hensley v. Eckerhart*, the Supreme Court held that reasonable attorneys' fees are the product of the hours reasonably expended and the applicable hourly rate for the legal services. 461 U.S. 424, 433 (1983). This product is called the lodestar. AOPs have provided extensive documentation to enable an evaluation of reasonableness. Having reviewed the documentation, the court finds the rates to be reasonable. ("Only if the evidence reveals that the rate actually charged is abnormally high or abnormally low will the Court base an attorney fee award on an hourly rate at variance with the bill for legal services that was actually rendered to the client.") *Mathis v. Spears*, 857 F.2d 749, 756 (Fed. Cir. 1988) (quoting *Chromalloy Am. Corp. v. Alloy Surfaces Co.*, 353 F.Supp. 429, 431 (D. Del. 1973)). While local rates typically apply in determining reasonableness, the court finds that as complex multi-district litigation, "national" rates are appropriate in this case. *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 764 (S.D. Ind. 2003). The Federal Circuit has approved use of the American Intellectual Property Law Association's economic survey in awarding fees under § 285. *Mathis*, 857 F.2d at 755–56; *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 987 (Fed. Cir. 2000) (approving use of AIPLA survey to reduce hourly rates in determining sanctions). This was a challenging case calling for

2. AOPs' request for experts' fees and costs is DENIED.[3]

3. AOP's request for fees related to Adelphia's Bankruptcy is DENIED.[4]

4. AOPs' request for fees for time spent on secretarial or clerical work is DENIED.[5]

5. AOPs request for pre-judgment interest is DENIED.[6]

6. AOPs request for post-judgment interest at the statutory rate specified in 28 U.S.C. §

1961 from August 20, 2015 through satisfaction of the amounts awarded in this order

---

substantial time and expertise. However, the determination of the lodestar does not end the district court's inquiry. *Hensley*, 461 U.S. at 434. After a district court determines the lodestar, its discretion comes into play and it can adjust the fee for a variety of reasons. *Id.* The court finds several categories of fees unreasonable as discussed below.

[3] As the Federal Circuit has recognized, it "is a better practice for a district court to analyze expert witness fees separately and to explain why an award of attorney fees under § 285 is insufficient to sanction the patentee[.]" *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012). Use of this inherent authority is reserved for cases where the district court makes a "finding of fraud or bad faith whereby the 'very temple of justice has been defiled.'" *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). Courts may consider whether the party acted in bad faith, vexatiously, wantonly, for oppressive reasons. Meeting the bar for sanctions under a court's inherent power is "more stringent" than the bar under § 285. *Howlink Glob. LLC v. Centris Info. Servs., LLC*, 2015 WL 216773, at *6 (E.D. Tex. Jan. 8, 2015). While, the court has found that this case is exceptional due to misconduct for the purpose of awarding attorneys' fees, it will exercise its discretion to deny experts' fees. (*See* D.I. 1001, Ex. M.) The Federal Circuit opinion in *Amsted Industries* allows for expert witness fee awards under the court's inherent authority if a case "goes sufficiently beyond 'exceptional' within the meaning of section 285 to justify an award of expert fees as a sanction under the court's inherent power." 23 F.3d at 379. The court does not believe that such a finding is warranted in this case.

[4] As stated in the Order, the court declines to consider actions that occurred before another court. (D.I. 951 at 2–3 n.5.) Therefore, Adelphia will not receive fees for conduct that occurred before the Bankruptcy Court for the Southern District of New York.

[5] The Federal Circuit has ruled: "The purpose of § 285 is . . . to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit. . . . We interpret attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (citations omitted). Thus, fees will be denied that are not "sufficiently complex to justify the efforts of a paralegal[.]" *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 122 F. Supp. 3d 1114, 1149 (D.N.M. 2015) (quoting *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999)).

This does not mean that all para-legal and secretarial tasks should be excluded; rather it means that these costs should be excluded when they do not include tasks that are legal in nature. AOPs' work spent on secretarial or clerical tasks should therefore be excluded. While the court will not here review each entry to determine if it is legal, it will offer the guidance that copying, printing and distributing court documents are not tasks that are so complex as to require a paralegal. *Ysasi v. Brown*, 2015 WL 403930, at *41 (D.N.M. Jan. 7, 2015).

[6] The Federal Circuit has ruled that when "bad faith or other exceptional circumstances" occur, district courts have authority to award prejudgment interest on the unliquidated sum of an award made under § 285. *Mathis*, 857 F.2d at 761. Under § 285, the court exercises equitable discretion to determine whether to award prejudgment interest and how to calculate the award. *Id.* In this case, the court finds that there has not been the kind of bad faith through litigation that warrants prejudgment interest on the amount of fees awarded.

is GRANTED.[7]

7. The court orders AOPs to calculate costs and fees and submit an updated total of expenses incurred for approval within 14 days.

Dated: August 24, 2016

_____
UNITED STATES DISTRICT JUDGE

---

[7] "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment[.]" 28 U.S.C. § 1961.