IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUTE1 INC.,<br><br>*Plaintiff/Counterclaim Defendant,*<br><br>v.<br><br>AIRWATCH LLC and VMWARE, INC.,<br><br>*Defendants/Counterclaim Plaintiffs.* | C.A. No. 17-331-KAJ<br><br>**REDACTED - PUBLIC VERSION** |

**EXHIBIT B TO
LETTER TO THE HONORABLE KENT A. JORDAN FROM ANNE SHEA GAZA
REGARDING PROPOSED REDACTIONS TO MEMORANDUM OPINION
OF AUGUST 6, 2020 (D.I. 348)**

Dated: August 13, 2020
Redacted Version: August 20, 2020

OF COUNSEL:

Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for AirWatch LLC
and VMware, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUTE1 INC., ) | |
| ) | |
| Plaintiff /Counterclaim ) | |
| Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 17-cv-331 (KAJ) |
| ) | |
| AIRWATCH LLC, ) | **REDACTED - PUBLIC VERSION** |
| ) | |
| Defendant/Counterclaim ) | |
| Plaintiff. ) | |

MEMORANDUM OPINION

Dominick T. Gattuso, Heyman Enerio Gattuso & Hirzel LLP, 300 Delaware Avenue, Ste. 200, Wilmington, DE 19801, *Counsel for Plaintiff and Counterclaim Defendant*
    Of Counsel:   Michael J. Garvin, Marcel C. Duhamel, Aaron M. Williams, Vorys, Sater, Seymour and Pease, LLP, 200 Public Square, Ste. 1400, Cleveland, OH 44114
William H. Oldach III, Vorys, Sater, Seymour and Pease, LLP, 1909 K Street N.W., 9th Fl., Washington, DC 20006
Rex M. Miller, II, Vorys, Sater, Seymour and Pease, LLP, 52 E. Gay Street, Columbus, OH 43215

Elena C. Norman, Anne Shea Gaza, Samantha G. Wilson, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 198011, *Counsel for Defendant and Counterclaim Plaintiff*
    Of Counsel:   Michael A. Jacobs, Richard S.J. Hung, Christopher J. Wiener, Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105
Bita Rahebi, Morrison & Foerster LLP, 707 Wilshire Boulevard, Los Angeles, CA 90017

August 6, 2020
Wilmington, Delaware

1



JORDAN, *Circuit Judge sitting by designation.*

This suit by Route1 Inc. ("Route1") against AirWatch LLC ("AirWatch") asserted infringement of U.S. Patent No. 7,814,216 (the "'216 patent"). After I granted summary judgment in favor of AirWatch on the question of infringement (D.I. 275), AirWatch filed a motion for attorneys' fees. I granted that motion in part, but, because AirWatch had not submitted sufficient information for me to determine the amount of fees to be awarded, I reserved decision on that point. (D.I. 312.) AirWatch has now provided additional information, and Route1 has filed a supplemental brief in opposition to AirWatch's motion for attorneys' fees. As explained below, I will again grant in part and deny in part AirWatch's motion for attorneys' fees.

## I.  BACKGROUND

The parties are well aware of the background of this case, so I recite only those facts relevant to the motion at hand. As I explained in the March 31, 2020 memorandum opinion granting in part AirWatch's motion for attorneys' fees, AirWatch is entitled to attorneys' fees because "Route1's conduct over the final course of this case qualifies, in my judgment, as exceptional." (D.I. 312 at 6.) I reached that conclusion based on the totality of the circumstances and specifically noted that Route1's proposed construction of the "instruction" limitation in the patent was illogical and that Route1 had taken contradictory positions before the PTO in prosecution and before me in litigation. (*Id.*)

In granting in part the motion for attorneys' fees, I determined the reasonable hourly rates for AirWatch's attorneys. (*Id.* at 7-8.) I concluded that, for Morrison & Forester, the reasonable rate for partners was ▮▮▮ in 2018 and ▮▮▮ in 2019 and for

2

associates was $500. (*Id.* at 8.) I found the rates charged for paralegals were reasonable. (*Id.*) For WilmerHale, I found that the reasonable rate for partners was $691 and for associates was $500. (*Id.*) For Young Conway, I found that the rate for partners of ▇ from April 2017 to April 2019 and a rate of ▇ from April 2019 to August 2019 was reasonable, and for associates a rate of ▇ from April 2017 to August 2019 and a rate of ▇ since August 2019 was reasonable. (*Id.*) Because AirWatch had only provided billing records where the services performed had been redacted, I ordered that AirWatch turn over to Route1 billing statements that contained sufficient information for Route1 to determine if it had any objections to AirWatch's fee request, and then ordered Route1 to comment on the reasonableness of the fees requested. (*Id.* at 9.) AirWatch has now provided Route1 with those records, and Route1 has filed its objections.

## II. DISCUSSION

Route1 argues that the fees requested by AirWatch are unreasonable for a variety of reasons. First, Route1 argues that AirWatch should only be entitled to fees after May 2, 2019, the day on which Route1 opposed AirWatch's motion for summary judgment, because that was when it took the positions that I concluded made this case exceptional. Second, Route1 points to numerous instances where, in its view, fees were not reasonably incurred or were unnecessarily duplicative. I will address the arguments in turn.

### A. AirWatch is Not Entitled to Fees Incurred Before January 7, 2019

Route1 argues that, "[w]hile findings of exceptionality must be based on a conclusion that the entire case is 'exceptional,' … the amount of fees must bear a

3

relationship to the specific conduct underlying that finding." (D.I. 339 at 2.) Accordingly, it argues that, if AirWatch is entitled to any fees, it is only entitled to fees incurred after May 2, 2019, the day it filed its opposition to AirWatch's motion for summary judgment and took contradictory positions before the PTO in prosecution and me in litigation. While I agree that AirWatch is not entitled to fees incurred throughout the entire litigation, I disagree with Route1 regarding the date upon which Route1 took the position that made this case exceptional.

The Federal Circuit has explained that "the amount of the award must bear some relation to the extent of the misconduct." *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1278 (Fed. Cir. 2018) (internal quotation marks and citation omitted). "[A]n award of all of a party's fees, from either the start or midpoint of a suit, may be justified in some exceptional cases." *Id.* at 1279 (internal quotation marks and citation omitted). In instances where a party's "extensive misconduct was enough to comprise an abusive pattern or a vexatious strategy ... [that] was pervasive enough to infect the entire litigation[,]" a full award of attorneys' fees is appropriate. *Id.* (internal quotation marks and citation omitted).

I agree with Route1 that it was the contradictory positions that it took that made this case exceptional, and, accordingly, AirWatch is not entitled to fees from the inception of this case. Route1, however, first took its contradictory position that Step 1g encompasses both a host-initiated connection and a remote-initiated connection when it served the first expert report of Dr. Robert Akl on January 7, 2019. When Dr. Akl served his expert report, it became clear that Route1 construed Step 1g "as satisfied when a

4

*remote* establishes a connection to a *host*, rather than the reverse." (*See* D.I. 191-1 at 2-3; *see also id.* at 3 ("Even after Route1 served those [Final Infringement] contentions, it remained unclear why Route1 believed that a connection from a mobile device to an email server satisfied the 'instruction' limitation until Dr. Akl served his infringement report."). AirWatch is therefore not entitled to attorney's fees incurred for work performed before January 7, 2019.

B. <u>The Reasonableness of the Fees</u>

The Federal Circuit uses the lodestar method to calculate attorneys' fees. *Avera v. Sec'y of Health and Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). "Using the lodestar approach, a court first determines an initial estimate of a reasonable attorneys' fee by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (internal quotation marks and citations omitted).

In its supplemental opposition to AirWatch's motion for attorney's fees, Route1 has divided its objections by time period and has identified fees that it believes are unreasonable in each time period. It has accompanied its motion with exhibits of those billing records, which are divided by time period and further sub-divided by Route1's objections. For ease of reference, I will follow the structure Route1 set forth in its supplemental opposition.

5

1. May 2, 2019 through February 28, 2020

   a. Fees that AirWatch Cannot Recover

I agree with Route1 that the invoice entries found in Exhibit A-1[1] for ▇ are not recoverable because their line-item descriptions indicate that they were deducted from the bill to AirWatch. I also agree with Route1 that the entries in Exhibit A-2 for ▇ and Exhibit A-3 for ▇ are not recoverable because they are redacted entirely or partially.

I agree with Route1 that AirWatch is not entitled to ▇ for the time it billed to prepare and pursue the deposition of Mr. Yuri Poeluev found in Exhibit A-11. AirWatch never cited that deposition for any reason.

   b. Fees that AirWatch Can Recover

I conclude that AirWatch is entitled to fees of ▇ that Route1 has categorized as administrative time entries in Exhibit A-4. Many of the billing entries concern decisions regarding what redactions should be made to various documents, reviewing the case status and upcoming deadlines, and drafting letters to the Court. Those matters were appropriately done by attorneys. Similarly, the entries in that category performed by legal assistants include preparing materials for hearings and for attorneys and were appropriately performed by legal assistants.

---

[1] All exhibits refer to the exhibits attached to the declaration of Aaron M. Williams in support of Route1's supplemental opposition to AirWatch's motion for attorneys' fees. (D.I. 340.)

6

I conclude that AirWatch is entitled to fees of ▓▓▓▓ that Route1 has categorized as appeal related in Exhibit A-5. Route1 states that AirWatch has disclaimed any recovery of fees for appeal preparation but does not provide a citation to where AirWatch disclaimed those fees. Moreover, the fees in Exhibit A-5 relate to research AirWatch's attorneys did to see how Route1's decision to immediately appeal the noninfringement decision and the parties' decision to dismiss without prejudice the invalidity counterclaims would affect AirWatch's ability to bring this fee motion. Thus, those fees were reasonably incurred in researching this motion.

I conclude that AirWatch is entitled to fees of ▓▓▓▓ for claim construction time entries found in Exhibit A-6. Route1 argues that those entries reflect work that was performed by a partner or counsel that could have been performed by an associate or that took longer than appears reasonable. I disagree. The great majority of the entries include revising briefs, the exact work that partners and counsel often perform, and the entries are reasonable.

I conclude that AirWatch is entitled to fees of ▓▓▓▓ for *Daubert* time entries found in Exhibit A-7. The billing entries for the preparation of the *Daubert* motions are reasonable.

I conclude that AirWatch is entitled to fees of ▓▓▓▓ for invalidity trial preparation time entries found in Exhibit A-9. Some of what Route1 characterizes as Invalidity Trial Preparation was AirWatch evaluating its options following the grant of summary judgment on infringement. It was reasonable for AirWatch to research its options regarding how to handle the invalidity case at that time. Similarly, it was entirely

7

reasonable for the parties to prepare for a trial that was imminent, even if both were in good faith negotiations seeking to avoid trial.

I conclude that AirWatch is entitled to fees of ■ for reexamination related time entries found in Exhibit A-12. Route1 states that AirWatch has disclaimed recovery for those fees but does not provide a citation for that disclaimer. The ■ hours billed in connection with the reexamination of the patent are reasonable.

I conclude that AirWatch can recover fees of ■ for the dispositive motion reply briefing found in Exhibit A-13. Route1 argues that it was unreasonable for AirWatch to use twelve timekeepers and to bill ■ hours in preparing AirWatch's reply in support of its motion for summary judgment. But Route1 fails to acknowledge that those entries were for preparation of replies both in support of AirWatch's motion for summary judgment and its *Daubert* motion. Additionally, while twelve timekeepers were used, seven of them billed fewer than ■ hours to the reply briefs. The amount sought is not unreasonable.

I conclude that AirWatch can recover fees of ■ related to preparation for the Court's June 26, 2019 hearing, the entries for which are in Exhibit A-16. Route1 argues that the number of hours ■ is excessive compared to the length of the hearing and that it was unreasonable for 14 timekeepers to be involved in preparing for that hearing. I disagree. The hearing was on dispositive and *Daubert* motions and was thus a critical juncture in the case. While I acknowledge that the amount of time AirWatch attorneys spent preparing is significant, I do not think it was unreasonable, considering the stage of the litigation.

8

I conclude that AirWatch is entitled to the ▮▮▮▮ that Route1 categorizes as trial preparation time entries found in Exhibit A-17. Those entries reflect research spent reviewing local rules, my pre-trial and trial practices, and drafting trial exhibit lists. It was reasonable for AirWatch to bill for those matters before I ruled on the summary judgment motion.

I conclude that AirWatch can recover the fees for ▮▮▮▮ that Route1 categorizes as internal/client communications in Exhibit A-18, and the fees for ▮▮▮▮ that Route1 categorizes as general email review in Exhibit A-19. The entries in Exhibits A-18 and A-19 show attorneys discussing strategy with each other and with their client. The amount of correspondence from May 9, 2019 to February 29, 2020 is reasonable.

I conclude that AirWatch can recover fees of ▮▮▮▮ that Route1 categorizes as unclassified time entries in Exhibit A-20. Those entries include correspondence between counsel regarding strategy, reviewing court orders and opinions, and preparation for a court hearing regarding the parties' motion seeking a Rule 54(b) judgment, all of which was reasonably expended time and effort.

    c. <u>Fees of Which AirWatch Can Recover a Reduced Amount</u>

I conclude that AirWatch can recover 50% of the fees it billed in connection with its exceptional case briefing, found in Exhibit A-8. AirWatch billed ▮▮▮▮ hours and ▮▮▮▮ on that motion. The opening and reply brief were not overly complicated, and that amount of time is unreasonable. Accordingly, I conclude that it should be cut in half.

9

I conclude that AirWatch can recover 25% of the fees it billed in connection with its potential opposition to the motion to dismiss the invalidity claim, found in Exhibit A-10. AirWatch billed ▮ hours for ▮. Ultimately, AirWatch never filed any opposition. It joined a request that I make a determination under Federal Rule of Evidence 54(b) that there was no reason to delay entering a final judgment as to the infringement claim, and, when I declined to do that, AirWatch stipulated to the dismissal of its counterclaim. Despite AirWatch's ultimate decision to join Route1, it was not unreasonable for AirWatch to perform some research and determine its best course of action. But it was unreasonable for it to bill ▮ hours to that issue. Accordingly, AirWatch is entitled to 25% of the amount it seeks from Exhibit A-10.

I conclude that AirWatch can recover 10% of the fees it billed in connection with its stipulated dismissal, found in Exhibit A-14. AirWatch billed ▮ hours, worth ▮, in preparing a one sentence stipulated dismissal. That is an unreasonable amount to bill for a short and straightforward filing.

I conclude that AirWatch is entitled to some of the fees that Route1 has categorized as AirWatch's summary judgment briefing time entries found in Exhibit A-15. Route1 states that AirWatch should not be entitled to the ▮ found in Exhibit A-15 because the entries related to AirWatch's summary judgment briefing and AirWatch had already filed that brief. That is true for some of the entries, and AirWatch is not entitled to recover for those. Route1, however, failed to acknowledge that some of the time entries it has put in Exhibit A-15 were for work performed in preparing a supplemental letter to the court regarding additional cases, which AirWatch submitted

10

after it had filed its motion for summary judgment. AirWatch is entitled to recover fees for those time entries, which are the entries of Anne Shea Gaza (▊ hours for a total of ▊▊▊) and two of the entries for Samantha Wilson (▊ hours for ▊▊▊).

    2.    <u>March 21, 2019 through May 2, 2019</u>

        a.    <u>Fees that AirWatch Cannot Recover</u>

I agree with Route1 that the invoice entries found in Exhibit B-1 for ▊▊▊ and Exhibit B-2 for ▊▊▊ are not recoverable because they are redacted entirely or partially.

As I determined in the section regarding the time period after May 2, 2019, I agree with Route1 that AirWatch is not entitled to the time it billed to prepare and pursue the deposition of Mr. Yuri Poeluev. Thus, AirWatch is not entitled to ▊▊▊ it billed related to that deposition, found in Exhibit B-6.

        b.    <u>Fees that AirWatch Can Recover</u>

I conclude that AirWatch is entitled to fees of ▊▊▊ that Route1 has categorized as administrative time entries in Exhibit B-3. Many of the entries that attorneys performed concern decisions regarding what deposition testimony should be marked confidential and preparing errata sheets after depositions. Those matters were appropriately done by attorneys. Similarly, the entries in that category performed by legal assistants include updating case deposition databases and serving confidentiality designations and errata sheets and were appropriately performed by legal assistants.

I conclude that AirWatch is entitled to ▊▊▊ for claim construction time entries found in Exhibit B-4. Route1 argues that those time entries must be unnecessarily

11

duplicative because of the number of timekeepers – six lawyers and one paralegal. I disagree. The entries appear to be reasonable and not duplicative. Additionally, the majority of the hours (█ of the █ hours) were billed by one associate.

I conclude that AirWatch is entitled to █████ for what Route1 has categorized as *Daubert* time entries in Exhibit B-5. I note that, although Route1 categorizes those entries as related to the preparation of *Daubert* motions, the entries actually include time spent working both on *Daubert* and summary judgment motions. During that time period, AirWatch filed both summary judgment and *Daubert* motions, and I find that the time billed for those motions is reasonable.

I conclude that AirWatch is entitled to █████ for summary judgment time entries found in Exhibit B-7. AirWatch filed its motion for summary judgment on April 18, 2019. I find that █ hours is reasonable in preparing that motion, which was ultimately case-dispositive.

I conclude that AirWatch is entitled to █████ for trial preparation time entries found in Exhibit B-8. Although Route1 categorizes those time entries as related to trial preparation, the majority of them relate to developing arguments for summary judgment, *Daubert*, and in limine motions. The few entries that were related to trial preparation include █ hours spent ███████████████████████████████████████████" and █ hours spent ██████████████████████████████████████" (D.I 340-2 at 25-26.) Although those entries were from more than eight months before trial, all of the time entries in Exhibit B-8 appear to be reasonable.

12

I conclude that AirWatch can recover fees for ▇ that Route1 categorizes as internal/client communications in Exhibit B-9, and the fees for ▇ that Route1 categorizes as general email review in Exhibit B-10. Like the entries in Exhibits A-18 and A-19, the entries in Exhibits B-9 and B-10 show attorneys discussing strategy with each other and with their client. The amount of correspondence from March 21, 2019 to May 9, 2019 is reasonable.

I conclude that AirWatch can recover fees of ▇ that Route1 categorizes as unclassified time entries in Exhibit B-11. Those entries include revising letters to Route1 and legal research. All of those fees are reasonable.

3. Before March 21, 2019

As I already concluded, AirWatch is only entitled to fees incurred after January 7, 2019.

a. Fees that AirWatch Cannot Recover

I agree with Route1 that the invoice entries found in Exhibit C-1 for ▇ Exhibit C-2 for ▇, and C-3 for ▇ are not recoverable because their line-item descriptions indicate that they were deducted from the bill to AirWatch or are redacted entirely or partially.

I agree with Route1 that the invoices found in Exhibit C-5 for Canadian letter rogatory time entries are not recoverable. AirWatch sought to take the depositions of four third-party witnesses in Canada, and the Court denied AirWatch's request as to two of them. (D.I. 160.) As for the other two, AirWatch did not cite the deposition in support

13

of AirWatch's motion for summary judgment, and thus I conclude that AirWatch is not entitled to fees incurred in seeking to take those depositions.

I conclude that AirWatch is not entitled to the fees in Exhibit C-6 related to the filing of its motion to stay pending Inter Partes Review, Exhibit C-8 related to the Markman briefing, Exhibit C-9 related to motions to compel, and Exhibit C-10 relating to the transition between counsel because all of those entries occurred before January 7, 2019.

        b.    Fees that AirWatch Can Recover

I conclude that AirWatch is entitled to the fees, incurred after January 7, 2019, that Route1 has categorized as administrative time entries in Exhibit C-4. Many of the entries concern updating invalidity contentions, finalizing briefs and stipulations, quality checking the documents that were going to be produced, and drafting errata sheets following depositions. Those matters were appropriately done by attorneys. Similarly, the entries in that category performed by legal assistants include updating deposition exhibit logs and preparing documents to be reviewed by experts and were appropriately performed by legal assistants

I conclude that AirWatch can recover the fees that Route1 categorizes as internal/client communications in Exhibit C-7 and as general email review in Exhibit C-13, to the extent they were incurred after January 7, 2019. As with the prior entries dealing with internal/client communications and with general email review, the entries in Exhibits C-7 and C-13 show attorneys discussing strategy with each other and with their client. The amount of correspondence was reasonable.

14

AirWatch is entitled to recover for the one time entry relating to certain fact depositions in Exhibit C-11 that occurred after January 7, 2019. An associate at Morrison & Foerster billed ▆ hours on February 13, 2019 to ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆." The fee is reasonable.

I conclude that AirWatch is entitled to recover fees that Route1 categorizes as other deposition time entries in Exhibit C-12, to the extent they were incurred after January 7, 2019. The time entries related to depositions after that date include time spent preparing and attending depositions, and the time entries are reasonable.

AirWatch can also recover fees that Route1 categorizes as unclassified time entries in Exhibit C-14, to the extent they were incurred after January 7, 2019. Those entries include attendance at calls with a mediator and a magistrate judge, reviewing and commenting on expert reports, legal research, drafting letters to the Court, and reviewing documents and privilege logs. Those entries are reasonable.

### III. CONCLUSION

For the foregoing reasons, AirWatch's motion for attorneys' fees will be granted in part and denied in part. Route1 shall pay AirWatch for those attorneys' fees that I have found were reasonably incurred, as set forth herein. The parties shall submit a proposed order reflecting the amount of fees that Route1 owes to AirWatch in accordance with this opinion on or before August 13, 2020.

## CERTIFICATE OF SERVICE

I, Anne Shea Gaza, Esquire, hereby certify that on August 20, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Dominick T. Gattuso
>HEYMAN ENERIO GATTUSO
>& HIRZEL LLP
>300 Delaware Ave., Suite 200
>Wilmington, DE 19801
>*dgattuso@hegh.law*
>
>*Attorneys for Plaintiff Route1 Inc.*
>
>Michael J. Garvin
>Marcel C. Duhamel
>Aaron M. Williams
>VORYS, SATER, SEYMOUR
>AND PEASE LLP
>200 Public Square, Suite 1400
>Cleveland, OH 44114-2327
>*mjgarvin@vorys.com*
>*mcduhamel@vorys.com*
>*amwilliams@vorys.com*
>
>William H. Oldach III
>VORYS, SATER, SEYMOUR
>AND PEASE LLP
>1909 K Street NW
>Washington, D.C. 20006-1152
>*wholdach@vorys.com*
>
>Rex W. Miller, II
>VORYS, SATER, SEYMOUR
>AND PEASE LLP
>52 E. Gay Street
>Columbus, OH 43215
>*rwmiller@vorys.com*
>
>*Attorneys for Plaintiff Route1 Inc.*

I further certify that on August 20, 2020, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel.

Dated: August 20, 2020

        YOUNG CONAWAY STARGATT
         & TAYLOR, LLP

        /s/ *Anne Shea Gaza*
        Elena C. Norman (No. 4780)
        Anne Shea Gaza (No. 4093)
        Samantha G. Wilson (No. 5816)
        Rodney Square
        1000 North King Street
        Wilmington, DE 19801
        (302) 571-6600
        enorman@ycst.com
        agaza@ycst.com
        swilson@ycst.com

        *Attorneys for AirWatch LLC and VMware, Inc.*